Action by the J. C. Bogert Company against Charles Schmidt. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Cornelius Doremus (Joseph H. Lecour, of counsel), for appellant. W. S. & A. S. Katzenstein, for respondent.

PER CURIAM. The action is for the breach of two contracts for the purchase of flour. The defense is that plaintiff failed to deliver the flour purchased according to contract. The justice found for defendant. Plaintiff appeals.

The sole ground of the appeal is that the judgment is against the weight of evidence. The flour was to be delivered by installments. It is conceded that defendant paid for all that was delivered. The defendant refused to accept further deliveries on the ground that the plaintiff failed to comply with the conditions of the contracts with respect to deliveries. The issue presented was as to defendant's claim that he was justified in so refusing to accept the deliveries. The defendant testified that plaintiff did not deliver 100 barrels a month, as agreed upon, and that he was obliged to buy other flour elsewhere. There is a sharp conflict of proof, but as the justice found for the defendant the Appellate Court is reluctant to disturb his conclusion, although under the evidence he might well have found for the plaintiff.

The judgment must be affirmed, with costs.

---

## KLASSON v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

STREET RAILWAYS — OPERATION — PERSONAL INJURIES — ACTIONS—EVIDENCE— SUFFICIENCY TO SUSTAIN VERDICT.

In an action against a street railway company for injuries received by being thrown from a wagon which was struck by one of defendant's street cars, evidence *held* not to sustain verdict for plaintiff.

Appeal from Trial Term.

Action by Anton Klasson against the Interurban Street Railway Company for injuries received by being thrown from a wagon which was struck by one of defendant's street cars. From a judgment in favor of plaintiff, and from an order denying a motion for new trial, defendant appeals. Judgment reversed, and new trial ordered.

Argued before PATTERSON, INGRAHAM, McLAUGHLIN, LAUGHLIN, and CLARKE, JJ.

Charles F. Brown, for appellant. Levin L. Brown, for respondent.

PATTERSON, J. The verdict in this action is against the evidence. The plaintiff testifies that he was driving slowly in an easterly direction, on Ninty-Sixth street, a heavily loaded wagon containing laundry material, and on approaching Third avenue he looked up and down and saw a car on the avenue at Ninty-Fifth street; that he attempted to cross the avenue, and had nearly passed over the easterly

or north-bound track when his wagon was struck on the rear wheel, and he was thrown out and sustained serious injuries. He called no other witness to the occurrence but a fellow employé of his, who arrived on the scene immediately after the accident, saw the wagon, and testified that the rear wheel was broken or damaged, but he did not examine the front wheel.

The defendant called four witnesses. One of them (Grandon) was a spectator of the accident. He was at the northeast corner of Ninety-Sixth street and Third avenue, and while standing there he saw the plaintiff's wagon a few feet west of the west line of Third avenue. The car was then at the south crossing of Ninety-Sixth street; the plaintiff was going very fast, the motorman was applying the break, and the collision occurred because the motorman could not stop in time. The motorman says that he saw the plaintiff near the westerly line of Third avenue, and the car was then about three feet south of the south crossing; that the plaintiff drove right ahead, and the motorman could not stop the car. The testimony of the conductor, so far as it goes, corroborates the statement of the motorman, but there was a woman passenger (Mooney) on the car who testified that, when the car was 10 or 17 or 20 feet from the south crossing, she saw the plaintiff about 10 feet away from the north-bound track, and that he was driving fast.

The evidence is clearly preponderating to the effect that the car was near the south cross-walk of Ninety-Sixth street when the plaintiff was at the west line of that street; that he was driving fast and attempted to cross in front of the car, which was slowing down; that the motorman was ringing his bell, and all reasonable precautions were taken to prevent a collision with the plaintiff's wagon.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.